1

2                      UNITED STATES DISTRICT COURT

3                    NORTHERN DISTRICT OF CALIFORNIA

4
                                    )
5    DAVID R. PECK, TRUSTEE OF THE   )    No. 05-0960 SC
     TAMALPAIS PROPERTY TRUST,       )
6                                    )
             Plaintiff,              )    ORDER GRANTING
7                                    )    DEFENDANTS NATIONAL
        v.                           )    PARK SERVICE'S AND
8                                    )    GOLDEN GATE NATIONAL
     PER BESSING, ANTON C. POGANY, JEAN )  RECREATION AREA'S
9    C. POGANY, EDWARD J. FOTSCH, GOLDEN) MOTION FOR JUDGMENT
     GATE NATIONAL RECREATION AREA,  )    ON THE PLEADINGS
10   NATIONAL PARK SERVICE, GOLDEN GATE )
     BRIDGE AND HIGHWAY DISTRICT and )
11   DOES ONE through THIRTY,        )
                                     )
12                                   )
             Defendants.             )
13   _____)

14

15   I.   **INTRODUCTION**

16        Plaintiff David Peck ("Plaintiff" or "Peck") filed this

17   action on March 7, 2005, alleging five causes of action against

18   various defendants as a result of a landslide that occurred on

19   March 7, 2002, causing damage to two properties that Plaintiff

20   owns in Sausalito, California.  Defendants National Park Service

21   ("NPS") and Golden Gate National Recreation Area ("GGNRA";

22   collectively, the "Federal Defendants") now move this Court for

23   judgment on the pleadings pursuant to Federal Rule of Civil

24   Procedure ("FRCP") 12(c).  For the reasons set forth below, the

25   Court hereby GRANTS the Federal Defendants' motion and DISMISSES

26   the Federal Defendants from this action.

27   //

28

**United States District Court**
For the Northern District of California

## II.  BACKGROUND

Plaintiff is the trustee of the Tamalpais Property Trust, which owns and manages two properties located at 1 and 7 Alexander Avenue in Sausalito, California.  Complaint ¶ 4 ("Compl.").  On March 7, 2002, a landslide originating in the GGNRA slid into Plaintiff's properties, allegedly causing damage to the properties and rendering the residence at 1 Alexander Avenue uninhabitable until the slide zone is fully repaired.  Compl. ¶¶ 27, 30. Peck alleges that the unstable conditions that contributed to triggering the landslide were caused, at least in part, by the diversion of water runoff onto GGNRA land by the individual Defendants in this action that live uphill from Plaintiff's Alexander Avenue properties.  Id. ¶¶ 33-35.  Plaintiff has further alleged that the GGNRA was negligent in allowing the individual defendants to divert water runoff onto GGNRA land and in failing to maintain GGNRA land in a manner that would prevent landslides. Id. ¶¶ 64-88.  Finally, Peck asserts that the GGNRA breached a statutory duty to maintain the park land in a manner that would protect Plaintiff's downhill properties.  Id. ¶¶ 90-95.

## III. LEGAL STANDARD

Under FRCP 12(c), "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."  Courts considering such motions must accept the allegations of the non-moving party as true, and must assume that allegations made by the moving party that have been denied are false.  Hal Roach Studios v. Richard Feiner and Co., Inc., 896 F.2d 1542, 1550 (9th Cir. 1989).  Judgment on the

2

pleadings is inappropriate unless the moving party clearly establishes that no material issue of fact remains to be decided and that he is entitled to judgment as a matter of law. Doleman v. Meiji Mut. Life Ins. Co., 727 F.2d 1480, 1482 (9th Cir. 1984).

**IV.   DISCUSSION**

A.   Sovereign Immunity and The Federal Tort Claims Act

The Federal Defendants assert that they are entitled to judgment on the pleadings because, as agencies of the federal government, they enjoy sovereign immunity from suits sounding in tort except as provided by the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671-2680 ("FTCA"). See Defendants' Motion for Judgment on the Pleadings at 3 ("Def. Mot."). The Federal Defendants further contend that because the United States has not "unequivocally expressed" a waiver of sovereign immunity, and because Peck has not complied with the procedural requirements of the FTCA, that sovereign immunity divests this Court of subject matter jurisdiction over Peck's claims against the GGNRA and NPS. Id.

In response, Peck contends that the FTCA does not apply to actions seeking equitable relief because, by its terms, the FTCA speaks only to "claims[s] against the United States for money damages...." See Plaintiff's Opposition to Motion for Judgment on the Pleadings at 4 ("Pl.'s Opp."); 28 U.S.C. § 2675(a). Plaintiff argues that the procedural requirements imposed by the FTCA are therefore inapplicable to his causes of action against the Federal Defendants that seek only injunctive relief. See id.

The Court finds that Plaintiff, perhaps unwittingly, has

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

succinctly stated why its claims cannot proceed against the Federal Defendants.  Because the FTCA sets forth the <u>sole</u> procedure under which a plaintiff may sue agencies of the United States government absent a waiver of immunity, the fact that the FTCA does not reference claims seeking equitable relief <u>establishes</u> that such claims are not cognizible under the FTCA.  <u>See</u> <u>Westbay Steel, Inc. v. United States</u>, 970 F.2d 648, 651 (9th Cir. 1992); <u>Smith v. Potter</u>, 187 F. Supp. 2d 93, 98 (S.D.N.Y. 2001).  Because Peck does not seek relief from the Federal Defendants that is within the limited scope of actions contemplated by the FTCA, sovereign immunity precludes this Court from assuming jurisdiction over Peck's claims.  <u>See</u> <u>Jerves v. United States</u>, 966 F.2d 517, 519 (9th Cir. 1992).

Perhaps realizing that his primary argument is entirely off base, Peck asserts that, in the alternative, he should be granted leave to amend his complaint so as to assert a claim against the Federal Defendants that seeks money damages.  <u>See</u> Pl.'s Opp. at 4. However, even if Peck were to assert a claim seeking money damages, the Court could not assume subject matter jurisdiction over that claim until it has been presented to the relevant federal agency and denied or is deemed denied by the passage of six months.  28 U.S.C. § 2675(a).[1]  The Court therefore declines to grant Peck leave to amend his complaint because Peck cannot, at

---

[1] Additionally, the Court notes, without deciding, that because any claim for money damages Peck could potentially assert would be subject to the two-year statute of limitations governing tort actions against agencies of the federal government, pursuit of an administrative claim at this point would likely be futile.  <u>See</u> 28 U.S.C. § 2401(b).

this time, add any new claim over which this Court could assert subject matter jurisdiction.

B.    Waiver of Immunity Under the Administrative Procedures Act and the National Park Service Organic Act

Although Peck does not specifically reference the Administrative Procedures Act, 5 U.S.C. § 701 et seq. ("APA"), that statute provides a waiver of sovereign immunity for plaintiffs seeking equitable relief against the United States government.  See 5 U.S.C. § 706(1) & (2).  Where a plaintiff seeks to compel an agency to take action, the APA will effect a waiver of immunity only where the "agency failed to take a discrete agency action that it is required to take."  Norton v. Southern Utah Wilderness Alliance, 542 U.S. 55, 65 (2004).

In his opposition papers, Peck asserts that the National Park Service Organic Act, 16 U.S.C. § 1, provides the sort of mandatory and specific guidance for agency action that would effect a waiver of sovereign immunity with respect to plaintiffs seeking to compel federal agencies to take such action.  See Pl.'s Opp. at 4-6.  The National Park Service Organic Act directs the NPS to maintain the National Parks in a manner consistent with the purpose of the Parks, defined as:

> to conserve the scenery and the natural and historic objects and the wild life therein and to provide for the enjoyment of the same in such manner and by such means as will leave them unimpaired for the enjoyment of future generations.

16 U.S.C. § 1.

Because allowing "the unnatural water flow and landslide damage risk" is inconsistent with the purpose of the National

United States District Court
For the Northern District of California

Parks, Peck argues, the United States has waived its immunity with respect to plaintiffs in Peck's position who seek to compel the Federal Defendants to restore the portion of the GGNRA that allegedly continues to pose a danger of future landslides.  <u>See</u> Pl.'s Opp. at 6.

The Court disagrees.  There is nothing in the National Parks Organic Act that requires a federal agency to take discrete and specific action.  <u>See</u> 16 U.S.C. § 1; <u>Sierra Club v. Andrus</u>, 487 F. Supp. 443, 448 (D.D.C. 1980)(noting that "nowhere in either [16 U.S.C. §§ 1 or 1a-1] is there a specific direction as to how the protection of Park resources and their federal administration is to be effected.").  Rather, the statute speaks in general terms that confer wide discretion upon the NPS in deciding how best to fulfill the statute's mandate.  Peck can identify no portion of 16 U.S.C. § 1--or of any other statute for that matter--that would direct the NPS or GGNRA to take the sort of specific action sought by Peck in this suit.  Accordingly, the Federal Defendants have not waived their sovereign immunity under the APA, and this Court does not have subject matter jurisdiction over Peck's claims asserted against the Federal Defendants.

//

//

//

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1    **V.    CONCLUSION**

2        Plaintiff has failed to demonstrate a waiver of sovereign

3    immunity by the Federal Defendants in this case, either under the

4    Federal Tort Claims Act or the Administrative Procedures Act.

5    Accordingly, this Court may not assert subject matter jurisdiction

6    over Plaintiff's claims against the Federal Defendants.  The Court

7    therefore GRANTS Defendants' motion for judgment on the pleadings

8    and DISMISSES the Federal Defendants from this action.

9

10

11

12        IT IS SO ORDERED.

13        Dated: January 27, 2006        _____

14                                        UNITED STATES DISTRICT JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7